**IN THE COURT OF APPEALS OF IOWA**

No. 17-1907
Filed March 21, 2018

**IN THE INTEREST OF A.F. and N.A.,**
**Minor Children,**

**A.F., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

        A mother appeals an order terminating her parental rights to two children, born in 2014 and 2016. **AFFIRMED.**

        Mark D. Reed of Marberry Law Firm, P.C., Urbandale, for appellant mother.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

        Charles S. Fuson of Youth Law Center, Des Moines, guardian ad litem for minor children.

        Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

A mother appeals an order terminating her parental rights to two children, born in 2014 and 2016. She contends (1) the record lacks clear and convincing evidence to support the ground for termination cited by the district court and (2) termination is not in the children's best interests.

## I. Ground for Termination

The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2016), which requires proof of several elements including proof the children could not be returned to the mother's custody. The mother argues she made significant progress in addressing the circumstances that led to the children's removal and the children could be returned to her custody.

The children were removed in early 2016, based on the parents' "self-medicat[ion] [of] their mental health related issues with illegal drugs," "acts of aggression" by the father that "resulted in injuries to" the older child, and the younger child's positive test for marijuana at birth. The children were adjudicated in need of assistance.

Initially, the mother obtained substance abuse and mental health evaluations, met with her substance abuse counselor, and attended parenting classes. She participated in visits with her children and, according to the department, "demonstrated strong parenting skills." She held down full-time employment and helped the foster parent with "bills and food for the boys." By mid-2016, the mother had successfully completed substance abuse programming and, at the end of 2016, she tested negative for all substances. Despite her

progress, the department recommended termination of her parental rights. The district court opted to grant her six additional months to work toward reunification.

Following entry of the order, the mother was arrested for domestic abuse assault against the father. A no-contact order was entered, but neither parent abided by the order. The mother also missed three weeks of interactions with the children.

The charge against the mother was eventually dismissed. The mother resumed regular visits with the children and cooperated with the department and service providers. Based on the mother's renewed participation in services, the department agreed with the decision to afford her more time to work towards reunification.

By mid-summer 2017, the picture changed. A sweat patch tested positive for amphetamines, and the mother allowed people with sobriety issues or criminal histories around her children. The department recommended the filing of a petition to terminate the parents' rights. The court adopted the recommendation.

Before the termination hearing, the father was arrested for domestic abuse assault against the mother, and a criminal no-contact order was entered prohibiting interaction with the mother. The father was arrested again for violating the order. By the time of the termination hearing, the children had been out of the parents' care for twenty months.

At the termination hearing, the mother acknowledged she was with the father just two months earlier. The department case manager testified the mother also was not honest about her relationship with another man who had a criminal history and whose own parental rights to his children were terminated. The case

manager expressed concern about the mother's "decision-making abilities and . . . unhealthy relationships." The mother also tested positive for methamphetamine.

In terminating the mother's parental rights, the district court cited its early directive to "[c]omply with the No Contact Order as to the father" and "[d]emonstrate insight and protective capacity regarding the children and their contact with the father." According to the court, the mother failed to "follow the court's directives" and "carried on her relationship with" the "increasingly volatile" father. "[S]he literally 'doubled-down' by also engaging in a relationship at the same time with another man . . . , whose obvious risk to these children mirror[ed] that of [the father]." "She carried on these relationships knowing full well the potential consequences during a time when she needed to be demonstrating that she could be trusted to keep the children safe in her care." The court concluded, "These children cannot be placed in her care at this time, and after 20 months, time has run out."

On our de novo review, we concur in the district court's findings and conclusion. The State satisfied its burden of proving termination under Iowa Code section 232.116(1)(h).

## II.    *Best Interests*

The mother also argues termination was not in the children's best interests. *See* Iowa Code § 232.116(2); *In re A.S.,* 906 N.W.2d 467, 472-73 (Iowa 2018). The district court stated, "There is no question that these children have a close bond with their mother. As heartbreaking as it is, . . . the bond is not sufficient to preserve the parent-child relationship, when these young children cannot be safely

returned after 20 months removed from their mother's care."  We concur in this assessment.  Termination was in the children's best interests.

We affirm the district court decision terminating the mother's parental rights to her two children.

**AFFIRMED.**